FILED
United States Court of Appeals
Tenth Circuit

July 3, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHRISTOPHER J. GILKEY,

      Plaintiff–Appellant,

v.

PROTECTION ONE ALARM
MONITORING, INC.,

      Defendant–Appellee.

No. 13-3089
(D.C. No. 6:12-CV-01150-EFM)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff Christopher Gilkey, proceeding pro se, appeals from the district court's

order disposing of his employment discrimination claims against Defendant, his former

employer. In his complaint, Plaintiff asserted three claims against Defendant under Title

VII: (1) retaliation, (2) wrongful termination based on race discrimination, and (3) hostile

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

work environment.[1]  Prior to filing his complaint in the district court, Plaintiff submitted a complaint to the Equal Employment Opportunity Commission, in which he alleged, "I believe that I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, by being discharged because of my race, black-African American and retaliation."  (R. at 142.)  Shortly thereafter, Plaintiff submitted a complaint to the Kansas Human Rights Commission, in which he alleged, "I was terminated due to my race, African American, and as an act of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination."  (R. at 82.)  Defendant filed a motion to dismiss Plaintiff's hostile work environment claim for lack of subject matter jurisdiction, arguing Plaintiff failed to exhaust this claim because his complaints to the EEOC and KHRC failed to include the hostile work environment claim and that claim was not reasonably related to his allegations regarding his termination.  Defendant later filed a motion for summary judgment, arguing Plaintiff could not establish any of his claims.  After considering the parties' briefing, the district court granted Defendant's motions.  Specifically, the district court concluded it lacked subject matter jurisdiction over Plaintiff's hostile work environment claim as a result of Plaintiff's failure to exhaust his administrative remedies.  It then concluded Plaintiff failed to establish a prima facie

---

[1] Plaintiff listed a separate claim for "harassment."  However, the district court noted that "by alleging that Protection One engaged in harassment and created a hostile work environment, Gilkey has pleaded only one violation of Title VII."  (R. at 268.)  The court accordingly treated Plaintiff's harassment and hostile work environment claims as "one and the same."  (*Id.*)

case of race discrimination and retaliation. Plaintiff now appeals.

On appeal, Plaintiff argues the district court erred in granting Defendant's motion to dismiss and its motion for summary judgment, although the basis for this argument is less than clear. It appears that Plaintiff believes the district court erred in dismissing his hostile work environment claim because it failed to consider evidence of ongoing harassment and the fact Plaintiff filed an internal grievance based on "unwarranted write-ups and harassment" (Appellant's Opening Br. at 18). However, the district court's dismissal of Plaintiff's hostile work environment claim was based on its determination that Plaintiff failed to include that claim in his complaints to the EEOC and KHRC, and therefore failed to exhaust his administrative remedies. We see no error in this conclusion. Turning then to Plaintiff's race discrimination and retaliation claims, it appears Plaintiff believes the district court erred in applying the summary judgment standard and, specifically, impermissibly resolved disputed facts in favor of Defendant. After a thorough review of the record on appeal, we see no error in the district court's application of the summary judgment standard or its consideration of the facts. Furthermore, we agree with the district court that Plaintiff failed to establish a prima facie case for his race discrimination and retaliation claims, and Defendant was therefore entitled to summary judgment on those claims.

Accordingly, and for substantially the same reasons given by the district court, we **AFFIRM** the district court's order granting Defendant's motion to dismiss and motion

for summary judgment.

Entered for the Court


Monroe G. McKay
Circuit Judge